BARR, Appellant,

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

[Cite as *Barr v. Ins. Co. of N. Am.* (1991), 72 Ohio App.3d 595.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–500.

Decided Feb. 21, 1991.

*Clark, Perdue & Roberts Co., L.P.A., Douglas S. Roberts* and *Glen R. Pritchard,* for appellant.

*Earl, Warburton, Adams & Davis* and *Dick M. Warburton, Jr.,* for appellee.

---

WHITESIDE, Judge.

Plaintiff, Glenn H. Barr, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error as follows:

"The trial court, in overruling Plaintiff–Appellant's Motion for Summary Judgment and in sustaining Defendant–Appellee's Motion for Summary Judgment, erred in deciding that Insurance Company of North America's automobile insurance policy at issue does not make available to Plaintiff uninsured motorist coverage arising out of the death of Alma Gladys Barr."

The assignment of error sets forth succinctly the issue before us, namely, whether the uninsured motorist coverage under the automobile policy issued by defendant Insurance Company of North America to plaintiff covers his claim arising out of the death of his mother, Alma Gladys Barr, who is not an insured under the policy. It is undisputed that plaintiff's mother was struck and killed by an uninsured motorist in Decatur, Georgia, where she was residing. Her son, plaintiff, resided in Marysville, Ohio, at the time. He seeks to recover under the uninsured motorist coverage of his policy issued by defendant for the damages to which he is legally entitled to recover from the uninsured motorist pursuant to R.C. 2125.02, the wrongful death statute. The trial court granted summary judgment for defendant because the decedent, plaintiff's mother, was not an insured under defendant's policy issued to the plaintiff.

Plaintiff relies upon *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, the syllabus of which reads as follows:

"1. R.C. 3937.18 provides protection for insured persons for damages for bodily injury and death, *inter alia,* which they are legally entitled to recover from owners or operators of uninsured motor vehicles.

"2. An insured father is entitled to recover those damages, which he was legally obligated to pay, under his uninsured motorist coverage for the

wrongful death of a minor child, even if the child was not an insured according to the terms of the policy."

The insurer in *Sexton* made exactly the same argument that defendant insurer herein makes, namely, that there can be no recovery because the person actually injured, in this case killed, as a result of the negligence of the uninsured motorist was not an insured under the policy. In reaching this conclusion, it is stated in the opinion of *Sexton*, at 434–435, 23 O.O.3d at 387, 433 N.E.2d at 558–559:

"Although the statute does not indicate who must have sustained the bodily injury, it does not specify that it be the insured. Because the statute should be construed liberally * * * we will not add that limitation. The pertinent language of the statute requires that the insured be legally entitled to recover damages because of bodily injury. * * *

"* * * In a wrongful death action, the damages recoverable are intended to compensate for the pecuniary injury resulting from the death and reasonable funeral expenses. Thus, under the wrongful death statute, Sexton would have a cause of action for recovery of his pecuniary damages against the negligent motorist. This satisfies the requirement of R.C. 3937.18 that he be legally entitled to recover damages."

Defendant attempts to distinguish *Sexton*, *supra*, on the basis that the damages sought by plaintiff are not pecuniary damages for out-of-pocket expense, as was the case in *Sexton*. However, as plaintiff points out, the nature of the damages recoverable have been changed by amendment of R.C. 2125.02 subsequent to *Sexton*, at which time damages were limited to pecuniary loss. The fact that the type of damages that may be recovered because of the wrongful death of another has been expanded does not detract from the legal principle set forth in *Sexton*, namely, that such damages recoverable because of the wrongful death caused by the negligence of an uninsured motorist constitute damages for death within the contemplation of R.C. 3937.18 and an insurance policy issued thereunder. R.C. 3937.18(A) provides in pertinent part that every automobile insurance policy must include:

"Uninsured motorist coverage, which * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *."

We find no reasonable basis for distinguishing *Sexton* despite the subsequent amendment to R.C. 2125.02 expanding the damages recoverable for wrongful death.

■ Here, the policy of insurance does provide that, with respect to uninsured motorist coverage, "[t]he damages must result from bodily injury sustained by the insured caused by an accident \* \* \*." However, this limitation is inconsistent with R.C. 3937.18(A)(1), which requires the coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury \* \* \* including death \* \* \*." *Sexton* rejected the validity of a clause almost identical to that set forth in the policy herein, stating in the opinion at 436, 23 O.O.3d at 388, 433 N.E.2d at 559, with respect to the almost identical restrictions:

" \* \* \* The restrictions in this policy, which permit an insured to avoid providing uninsured motorist coverage, thwart the legislative intent. Therefore, the restrictions are contrary to R.C. 3937.18 and void."

Defendant also relies upon an unreported decision, *Tavzel v. Aetna Life & Cas. Co.* (June 16, 1988), Cuyahoga App. No. 53931, unreported, 1988 WL 86717. The majority in *Tavzel* did reach a conclusion contrary to that in *Sexton* which the majority in *Tavzel* distinguished apparently on the basis that two members of the four-member majority in *Sexton* have been replaced by newly elected members in the Supreme Court. In addition, the majority in *Tavzel* relied upon *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, which has no application and in no way modified, limited, or restricted *Sexton*. We find the well-reasoned dissent of Judge McManamon in *Tavzel* to be much more persuasive. As Judge McManamon pointed out, the insured's rights to pursue a derivative claim under uninsured motorist coverage was recognized subsequent to the decision in *Hedrick*, *supra*, by the Supreme Court in *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 48, 521 N.E.2d 789, 792. There simply is no basis for this court to decline to follow the Supreme Court holding in *Sexton*, which is binding and controlling herein.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.