SENIG et al., Appellees and Cross–Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY
et al., Appellants and Cross–Appellees.

[Cite as *Senig v. Nationwide Mut. Ins. Co.* (1992), 76 Ohio App.3d 565.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1416 and 91AP–1425.

Decided July 23, 1992.

*Clark, Perdue & Roberts Co., L.P.A., Dale K. Perdue* and *Glen R. Pritchard,* for appellees and cross-appellants.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *Andrew W. Cecil,* for appellant and cross-appellee Nationwide Mutual Insurance Co.

*Siemer, Leighton & Love* and *Walter J. Siemer,* for appellant and cross-appellee Lightning Rod Mutual Insurance Co.

WHITESIDE, Judge.

Defendant Nationwide Mutual Insurance Company ("Nationwide"), in case No. 91AP–1416, appeals the judgment of the Franklin County Court of Common Pleas and raises the following three assignments of error:

1. "The trial court erred in finding James R. Senig is entitled to coverage for the death of his father pursuant to the automobile insurance policy issued by Nationwide to James R. Senig. The court's reliance on *Sexton v. State Farm Mutual [Automobile] Insurance Company* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555] and *Wood v. Shepard* (1988), 38 Ohio St.3d 86 [526 N.E.2d 1089] is misplaced in that neither of these cases appl[ies] to the within action."

2. "Plaintiff is not entitled to make a claim for damages under Ohio statutory law."

3. "The policy in question does not provide underinsurance coverage for the accident in question."

Defendant Lightning Rod Mutual Insurance Company ("Lightning Rod"), in the connected appeal, 91AP–1425, appeals the same judgment of the Franklin County Court of Common Pleas and raises the following five assignments of error:

1. "The trial court erred in finding Michael Senig is entitled to coverage for the death of his father, John Senig, pursuant to the automobile insurance policy issued by Lightning Rod to Michael Senig. The court's reliance on *Sexton v. State Farm Mutual [Automobile] Insurance Co.*, (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555] and *Wood v. Shepard* (1988), 38 Ohio St.3d 86 [526 N.E.2d 1089] is misplaced in that these cases do not apply to the within action."

2. "Plaintiff Michael Senig and his issue are not entitled to make a claim for damages under Ohio statutory law."

3. "The policy in question does not provide underinsurance coverage for the accident in question."

4. "In ruling that the Lightning Rod Mutual Insurance Company has coverage to pay damages to Michael Senig for the death of his father, the trial court failed to give effect to the exclusionary language of the policy that his (Michael Senig) damages must result from bodily harm sustained by him as an insured and he (Michael Senig) did not personally suffer any bodily harm and John Senig was not an insured."

5. "The trial court erred in failing to give effect to the limiting language of the Lightning Rod Mutual Insurance Company policy that the uninsured motorists coverage provided by the policy with respect to a vehicle not owned by Michael Senig shall be excess over any other collectible insurance."

Plaintiffs, James R. and Michael S. Senig, cross-appeal in case Nos. 91AP–1416 and 91AP–1425, respectively. Plaintiffs raise a single assignment of error, as follows:

"The trial court erred in holding that the decedent's grandchildren are not legally entitled to recover under the wrongful death statute, and therefore, are not entitled to uninsured motorist coverage."

Inasmuch as these appeals have been consolidated *sua sponte* by this court, we will decide them together in a single opinion.

John Senig, the father of plaintiffs Michael and James Senig, who are brothers, was killed in an automobile accident caused by the negligence of an uninsured motorist. At the time of the accident, decedent was not residing with either plaintiff and had uninsured and underinsured motorist coverage with United Ohio Insurance Company ("United Ohio") for $100,000 per person and $300,000 per occurrence. Decedent's widow, Helen Senig, was named the executor of his estate, to which United Ohio paid $88,500 in damages pursuant to decedent's uninsured motorist coverage. Plaintiffs each received $4,454.19 from the probate court's distribution of this insurance award.

Plaintiffs James and Michael Senig, individually and in their capacity as guardians for their minor children, filed a complaint seeking a declaratory judgment that they and their minor children could each claim damages for the wrongful death of decedent under their respective insurance policies. Plaintiff James Senig had an automobile insurance policy with defendant Nationwide that provided uninsured and underinsured motorists coverage with limits of $25,000 per person and $50,000 per occurrence. The Nationwide policy provides that the insured is entitled to damages "due [the insured] by law from the owner or driver of an underinsured vehicle." Both of James Senig's minor children, eleven months old and three years old, are insured under his policy.

Plaintiff Michael Senig had a similar insurance policy with defendant Lightning Rod that provided uninsured and underinsured motorist coverage with liability limits of $100,000 per person and $300,000 per occurrence. However, the Lightning Rod policy restricts recovery by providing that the *insured* must be the person to suffer bodily injury. Michael Senig's two minor children, nine years old and ten months old, are insured under his policy.

Plaintiffs moved for summary judgment, which the trial court granted based on the authority of *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555; *Ross v. Nationwide Mut. Ins. Co.* (Sept. 27, 1990), Franklin App. No. 90AP–165, unreported, 1990 WL 140549, appeal dismissed (1992), 63 Ohio St.3d 33, 584 N.E.2d 1184; and *Barr v. Ins. Co. of N. Am.* (1991), 72 Ohio App.3d 595, 595 N.E.2d 531. Defendant Nationwide timely appealed, as did defendant Lightning Rod. Plaintiffs filed a timely cross-appeal.

■ The Supreme Court of Ohio delineated the elements for granting summary judgment in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 273:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Furthermore, the moving party has the burden of demonstrating that there remain no genuine issues of material fact, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

By defendant Nationwide's three assignments of error and by defendant Lightning Rod's first four assignments of error, defendants raise the following determinative issue: whether the uninsured motorist coverage in defendants' respective automobile insurance policies issued to plaintiffs cover plaintiffs' claims arising out of the death of their father, who was not insured under either policy.

This issue has been decided by the Ohio Supreme Court in *Sexton, supra,* the syllabus of which provides as follows:

"1. R.C. 3937.18 provides protection for insured persons for damages for bodily injury and death, *inter alia,* which they are legally entitled to recover from owners or operators of uninsured motor vehicles.

"2. An insured father is entitled to recover those damages, which he was legally obligated to pay, under his uninsured motorist coverage for the wrongful death of a minor child, even if the child was not an insured according to the terms of the policy."

In *Sexton,* the plaintiff claimed wrongful death damages from his insurance company as a result of his daughter's death in an automobile accident caused by an uninsured motorist. The plaintiff's uninsured motorist coverage limited recovery to an insured who had suffered bodily injury and who resided in plaintiff's household. The court found the restrictions to be contrary to R.C. 3937.18(A), which mandates that uninsured motorist coverage be offered in automobile insurance policies.

The court reasoned that, to come within the meaning of the statute, four requirements must be met. First, there must be an insured. Second, the insured must be entitled to recover damages sustained because of injury or death caused by an uninsured motorist. Third, the damages must result from injury, sickness, disease or death. Fourth, the tortfeasor must be the owner or operator of the uninsured motor vehicle.

The court succinctly stated that the first, third, and fourth requirements had been met by the plaintiff. As for the second requirement that the insured be entitled to recover damages, the court stated that the plaintiff was legally entitled to recover damages under R.C. 2125.02, the wrongful death statute. Having found that the plaintiff came under the meaning of R.C. 3937.18, the court concluded that the limitations in plaintiff's uninsured motorist coverage were contrary to law and void, stating in *Sexton, supra,* at 434–436, 23 O.O.3d at 387–388, 433 N.E.2d at 558–560:

"Although the statute does not indicate who must have sustained the bodily injury, it does not specify that it be the insured. Because the statute should be construed liberally, * * * we will not add that limitation. The pertinent

language of the statute requires that the insured be legally entitled to recover damages because of bodily injury.  * * *

"* * *

"Statutory mandates must be complied with by insurers.  The restrictions in this policy, which permit an insurer to avoid providing uninsured motorist coverage, thwart the legislative intent.  Therefore, the restrictions are contrary to R.C. 3937.18 and void."

Thus, the court held that the plaintiff was entitled to claim wrongful death damages under his uninsured motorist coverage despite limiting language in the policy.

This court has repeatedly followed the principle of *Sexton*.  In *Barr, supra,* the plaintiff's mother was killed in an automobile accident caused by an uninsured motorist.  The plaintiff's uninsured motorist coverage restricted recovery to bodily injury suffered by an insured, and plaintiff's mother was not insured under the policy.  The trial court granted summary judgment for the defendant insurance company, which we reversed.  We found *Sexton* to be controlling and determined that the plaintiff's uninsured motorist policy covered the plaintiff's claim arising out of the death of his mother, despite the restriction in the policy.

Later, in *Nationwide Mut. Ins. Co. v. Chivington* (1991), 72 Ohio App.3d 700, 595 N.E.2d 1002, the defendants' parents were killed as the result of an automobile accident caused by the negligence of an underinsured motorist. The defendants' uninsured/underinsured[1] motorist policy provided that the insured could recover damages for bodily injury "that are due [the insured] by law."  Because the defendants' insurance contract was not contrary to R.C. 3937.18 and was consistent with the principle of *Sexton, supra,* we reversed the trial court's granting of summary judgment for the plaintiff.

In *Ross, supra,* we held that the sister and daughter of a decedent, who was killed in an automobile accident by an underinsured motorist, could recover damages for the wrongful death of the decedent pursuant to their underinsured motorist coverage.  Like the defendants in *Nationwide, supra,* the plaintiffs in *Ross* had uninsured and underinsured motorist coverage that provided for the insured to recover damages for bodily injury that were "due [the insured] by law."  As in *Nationwide,* we reversed the trial court's granting of summary judgment for defendant since plaintiffs' policy was consistent with R.C. 3937.18 and *Sexton*.

---

1. We explained the difference between uninsured motorist coverage and underinsured motorist coverage in that opinion.  Since the underinsured motorist coverage is not at issue herein, we will not concern ourselves with the distinction.

In all of these cases (*Barr, Nationwide* and *Ross*), we were bound by the controlling Supreme Court case, *Sexton*, because the facts were indistinguishable. However, in *Erie Ins. Group v. McCoy* (Jan. 9, 1992), Franklin App. No. 91AP–631, unreported, 1992 WL 4857, we distinguished *Sexton*, as well as *Barr, supra,* and *Nationwide, supra*. Although defendants rely upon *Erie*, we find no basis upon which to distinguish the case herein from *Sexton, Barr* and *Nationwide*. Since the *Erie* court distinguished *Sexton, Barr* and *Nationwide*, it necessarily follows that this case is, likewise, distinguishable from *Erie*.

■ Thus, applying the criteria set forth in *Sexton*, plaintiffs Michael and James Senig fall within R.C. 3937.18 and are entitled to uninsured motorist coverage under the Nationwide and Lightning Rod policies. First, said plaintiffs are concededly insured under their respective policies, which provide uninsured motorist coverage. Second, said plaintiffs [2] are legally entitled to recover for the death of their father, which was caused by the malfeasance of an uninsured motorist, pursuant to the wrongful death statute, R.C. 2125.02. Such statute provides that an action for wrongful death shall be brought "for the exclusive benefit of the surviving spouse, *the children*, and the parents of the decedent * * *." (Emphasis added.) Because plaintiffs are the children of decedent, they clearly come within the scope of the statute and are entitled to recover damages for decedent's wrongful death. Third, the damages claimed by plaintiffs admittedly result from the death of their father. Also, R.C. 2125.02(A) provides that the wrongful death action is for the "exclusive benefit of * * * the children * * * all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death." Unless and until rebutted by defendants, the plaintiffs are presumed to have suffered damages. Finally, the tortfeasor in this case was both the owner and operator of the uninsured motor vehicle involved in the accident. Consequently, the requirements of *Sexton* have been satisfied, and plaintiffs Michael and James Senig are entitled to claim damages under their uninsured motorist coverage.

In sum, the trial court did not err in granting summary judgment for plaintiffs Michael and James Senig. Because there remain no genuine issues of material fact and, as a matter of law, said plaintiffs are entitled to recover damages for the death of their father under their respective insurance policies, summary judgment was properly granted. Accordingly, defendant Nationwide's three assignments of error and defendant Lightning Rod's first two assignments of error are not well taken.

---

**2.** Whether plaintiffs' minor children are also legally entitled to recover for the wrongful death of decedent will be discussed under plaintiffs' sole assignment of error.

By its third assignment of error, Lightning Rod contends that coverage should be denied because its insured did not live in the same household with the decedent, relying upon *Erie, supra.* Such contention is contrary to the holdings in *Sexton, supra, Barr, supra,* and *Nationwide, supra,* all of which were distinguished by this court in *Erie.* Here, however, we are unable to distinguish *Sexton, Barr,* or *Nationwide,* which permit no deviation from R.C. 3937.18(A) on the basis that the insured and decedent did not live together. Neither does R.C. 2125.02(A) permit such an automatic distinction between children who are rebuttably presumed to have suffered damage as a result of the wrongful death of their parent. *Lightning Rod's* third assignment of error is not well taken.

Defendant Lightning Rod argues that the limiting language in its policy issued to plaintiff Michael S. Senig prohibits plaintiffs' claim for uninsured motorist coverage. The limiting language to which Lightning Rod refers is as follows:

"We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured and caused by an accident.  * * * "

Lightning Rod asserts that, because decedent was not insured under the policy and the policy clearly requires an insured to suffer bodily injury in order to recover, plaintiffs may not recover. This same language and argument were rejected by the Supreme Court in *Sexton, supra.* That court held such a policy restriction to be contrary to the legislative purpose of R.C. 3937.18 and unenforceable. See *Sexton, supra.* For the same reasons, we find the provision in Lightning Rod's policy issued to plaintiff Michael Senig to be void and unenforceable. Lightning Rod's fourth assignment of error is not well taken.

■ By defendant Lightning Rod's fifth assignment of error, it contends that before plaintiff Michael Senig is entitled to collect under his uninsured motorist coverage with Lightning Rod, the limits of any other collectible insurance must have been reached. Defendant Lightning Rod argues that decedent's own uninsured motorist coverage must be exhausted before plaintiff Michael Senig may claim uninsured motorist coverage under his policy.

In support of this contention, defendant Lightning Rod points to the following provision in the uninsured motorist policy:

"OTHER INSURANCE

"If there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. If this policy and any other policy providing

similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."

Defendant Lightning Rod also cites the following sentence in the policy:

" * * * We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments of settlements."

The issue as raised by defendant Lightning Rod under this assignment of error pertains to the amount of damages and not to whether coverage exists. Because the trial court in granting summary judgment addressed the issue of liability alone, the issue of the amount of recovery is not properly before us on appeal. The limitation does not prevent coverage where the damages exceed the maximum coverage limit under the other policy but instead merely limits coverage to the extent of such excess. Accordingly, defendant Lightning Rod's fifth assignment of error is not well taken.

By plaintiffs' single assignment of error, they contend that the trial court erred as a matter of law in finding that their minor children are not entitled to recover damages for the wrongful death of decedent.

The trial court ruled that plaintiffs' minor children, although insured under plaintiffs' uninsured motorist coverage, were not entitled to recover damages for decedent's wrongful death because they were not "other next of kin" within the purview of the wrongful death statute.

As stated previously, plaintiffs Michael and James Senig are entitled to recover damages under their uninsured motorist coverage because they come within the ambit of R.C. 3937.18. One requirement of the statute, as explained in *Sexton, supra,* is that the claimant be entitled to recover damages for the bodily injury caused by the uninsured motorist. R.C. 2125.02 provides that an action for wrongful death shall be brought "for the exclusive benefit of the surviving spouse, *the children,* and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the *other next of kin* of the decedent." (Emphasis added.) Consequently, as children of decedent, plaintiffs James and Michael Senig are beneficiaries under the statute.

The issue presented by plaintiffs' assignment of error, however, is whether, under the circumstances herein, the grandchildren of decedent are beneficiaries under the statute. The wrongful death statute does not expressly include grandchildren. It does, however, provide that a claim may be for the " * * * exclusive benefit of the *other next of kin* of the decedent." (Emphasis

added.) Grandchildren are kin and may be *next* of kin in some instances, but the question is whether they are *next* of kin of their grandparents while their parents are still living. Plaintiffs contend that grandchildren qualify as "other next of kin" of decedent and are consequently beneficiaries under the statute.

Black's Law Dictionary (5 Ed.1979) 941, explains that "next of kin" has the following meanings:

" * * * (1) *nearest* blood relations according to law of consanguinity and (2) those entitled to take under statutory distribution of intestate's estates, and term is not necessarily confined to relatives by blood, but may include a relationship existing by reason of marriage * * *." (Emphasis added.)

A standard dictionary, Random House Dictionary (2 Ed.1987 unabridged) 1296, similarly defines "next of kin" as:

"1. a person's nearest relative or relatives; * * * 2. *Law.* the nearest relative or relatives who share in the estate of a person who dies intestate."

In other words, ordinarily, the *nearest* relatives of a decedent are his or her "next of kin." Not all kin or relatives of a decedent are *"next* of kin," regardless of the degree of relationship. Rather, under this construction, the relatives *nearest* to decedent are the "next of kin." Thus, "next of kin" includes all blood relatives of the same degree of relationship. For this purpose, the degree of relationship necessarily is determined by counting outward from the decedent rather than downward from a common ancestor.

However, the Ohio Supreme Court has recently resolved this issue, stating in paragraph two of the syllabus[3] of *Ramage v. Central Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 592 N.E.2d 828:

"Pursuant to the Ohio wrongful death statute, R.C. 2125.02, other next of kin, although not presumed to have sustained damages, may recover damages for mental anguish and loss of society upon proper proof thereof, even though there is a surviving parent, spouse, or minor children."

Accordingly, the trial court's finding precluding the grandchildren from being beneficiaries of a wrongful death claim was incorrect. Therefore, plaintiffs' assignment of error is well taken.

For the foregoing reasons, all of defendant Nationwide's and defendant Lightning Rod's assignments of error are overruled, plaintiffs' assignment of error is sustained, and the judgment of the Franklin County Court of Common

---

3. Although the syllabus refers to "minor" children, the statute, R.C. 2125.02(A)(1), apparently includes all children since the adjective "minor" does not appear in the statute except with respect to the nature of some of the compensatory damages defined in R.C. 2125.02(B).

Pleas is affirmed except as to its holding that the grandchildren are not entitled to recover under the wrongful death statute, and this cause is remanded to that court for modification of the judgment and for further proceedings in accordance with law consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN and PETREE, JJ., concur.