OPINION
{¶ 1} Appellant, Sharma Presley, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, and its distribution of wrongful death settlement proceeds. Because the Probate Court erred in its distribution, we reverse.
 {¶ 2} While walking home from school, Jerrod D. Payne, a minor, was killed as a result of being struck by an uninsured motorist. Appellant is decedent's paternal grandmother and was his legal custodian at the time of his death. Appellant filed an uninsured motorist claim with her insurer, Progressive Insurance Company and settled with Progressive in the amount of $105,000. As administratrix of decedent's estate, appellant presented an application to the Probate Court to approve the settlement.
 {¶ 3} While the matter was pending in the Probate Court, appellee, Kathy Altizer, decedent's maternal aunt, sought to participate in the distribution. Altizer was decedent's legal custodian from 1999 through 2002, as Jerrod's parents had abandoned him. The magistrate found that both appellant and Altizer were "other next of kin" under the wrongful death statute and that both suffered emotional loss as a result of decedent's death. The magistrate recommended that (1) $17,000 go to appellant for the initial shock and trauma of Jerrod's death, including making the funeral arrangements; (2) the party who paid the funeral benefits be reimbursed; and (3) the remaining net proceeds be divided equally between appellant and Altizer.
 {¶ 4} Appellant filed objections to the magistrate's decision, contending the magistrate improperly concluded that Altizer is a "next of kin" for purposes of recovery under Ohio's wrongful death statute. The Probate Court overruled the objections and adopted the magistrate's decision. On appeal, appellant assigns the following error:
The probate court erred in its determination that a maternal aunt is included along with a paternal grandmother (child custodian) as an other next of kin for purposes of receiving a distribution of wrongful death proceeds recovered from the grandmother's uninsured motorist insurer.
 {¶ 5} The Ohio Supreme Court has stated "[i]n the case of the death of an insured, the settlement proceeds under an uninsured motorist provision are to be distributed among those persons who are entitled by statute to bring a wrongful death action." In re Reeck (1986), 21 Ohio St.3d 126, syllabus. An action for wrongful death in Ohio is purely a creation of statute, subject to the rights and limitations imposed in R.C. 2125.02.Rubeck v. Huffman (1978), 54 Ohio St.2d 20. According to R.C. 2125.02(A), an "action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent." R.C. 2125.02(A)(1).
 {¶ 6} Here, decedent left no surviving spouse, his parents legally abandoned him and are not entitled to any distribution, and decedent had no children. The narrow issue presented in this appeal is whether the phrase "other next of kin" includes Altizer so that she may recover a portion of the settlement proceeds. Because the issue requires an interpretation of the wrongful death statute, we apply a de novo standard of review. BP Exploration Oil, Inc. v. Ohio Dept. of Commerce,
Franklin App. No. 04AP-619, 2005-Ohio-1533.
 {¶ 7} Ohio's wrongful death statute is remedial in nature and is liberally construed to give effect to its purpose. Ramage v. Central OhioEmergency Serv., Inc. (1992), 64 Ohio St.3d 97. Under the statute, the surviving spouse, parents, or children may maintain an action for wrongful death. In addition, other next of kin may maintain an action despite the existence of survivors who maintain a closer relationship to the decedent. Ramage, supra; Senig v. Nationwide Mut. Ins. Co. (1992),76 Ohio App.3d 565. Unlike the spouse, children, and parents of the decedent, other next of kin are not rebuttably presumed to have suffered damages by reason of the wrongful death. R.C. 2125.02(A)(1). Rather, next of kin must prove their damages. Id.; Ramage, supra; Shoemaker v.Crawford (1991), 78 Ohio App.3d 53, 64.
 {¶ 8} For example, in Ramage, the Ohio Supreme Court held the decedent's grandparents were entitled to recover wrongful death compensatory damages for mental anguish and loss of society, even though a surviving spouse, parent, or child may exist. Ramage, at 106. The court stated, "[i]n R.C. 2125.02, the General Assembly recognized that the bonds [other next of kin] may enjoy with the decedent may be different from those of the surviving parent, spouse, and minor children, and so provided that other next of kin are not presumed to have suffered damages but must instead prove their damages. We cannot agree with appellants that the General Assembly intended to exclude next of kin simply because another category of survivors exists. To hold otherwise would be contrary to the remedial purposes of the statute." Id. at 105. Similarly, in Wisev. Timmons (1992), 64 Ohio St.3d 113, the decedent's siblings were permitted to recover even though decedent's father survived. In Senig,
this court also allowed grandchildren of the decedent to recover despite surviving children.
 {¶ 9} Appellant acknowledges that other next of kin may recover despite the existence of a closer surviving relative, but contends Ohio has not extended recovery to include aunts, uncles, or cousins. Under civil law rules for the computation of degrees of kinship or consanguinity, parents and children are related in the first degree; grandparents, grandchildren, brothers and sisters are related in the second degree; and aunts, uncles, nieces and nephews are related in the third degree. Ohio Jurisprudence 3d, Decedent's Estates, Section 90-91. According to appellant, if relatives in the second degree exist, such persons as "next of kin," in addition to relatives in the first degree named in the statute, may bring an action and potentially recover damages to the exclusion of other more remote relatives.
 {¶ 10} By contrast, Altizer argues that any relative is entitled to bring a wrongful death action. According to Altizer, since next of kin are not presumed to have suffered damages, but instead must prove their damages, the potential class of individuals thus is limited and sufficiently protects against "any" relative being entitled to recover.
 {¶ 11} Because R.C. 2125.02 does not define the phrase "next of kin," we must determine its meaning. "The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it." State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11, quoting Slingluff v. Weaver
(1902), 66 Ohio St. 621. "[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly * * * there is no occasion to resort to other means of interpretation. * * * That body should be held to mean what it has plainly expressed, and hence no room is left for construction." Hairston, at ¶ 12. If a term or phrase is not ambiguous, a court must simply apply it. Id. Benjamin v.Credit General Ins. Co., Franklin App. No. 04AP-642, 2005-Ohio-1450, ¶ 20 ("When a statute conveys a meaning that is clear, unequivocal and definite, the statute must be applied as written").
 {¶ 12} Courts lack the authority to ignore the plain language of a statute under the guise of statutory interpretation or liberal or narrow construction. Covington v. Airborne Express, Inc., Franklin App. No. 03AP-733, 2004-Ohio-6978. Rather, a court must give effect to the words used in the statute, accord the words their usual and customary meaning, and not delete words used or insert words that are not used. ClevelandElec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the syllabus; Benjamin, supra.
 {¶ 13} In accordance with the noted rules of construction, we observe that R.C. 2125.02(A)(1) first lists the individuals entitled to recover who are closest in relationship to the decedent: parent(s), child(ren), or a spouse. It further permits recovery "for the exclusive benefit of the other next of kin of the decedent." R.C. 2125.02(A)(1). In its common and ordinary meaning, the phrase "next of kin" is a person's nearest relative or relatives. Senig, supra. "Not all kin or relatives of a decedent are `next of kin,' regardless of the degree of relationship. Rather * * * the relatives nearest to decedent are the `next of kin.'" (Emphasis sic.) Id. at 574.
 {¶ 14} Ordinarily, then, the "next" of kin to a deceased minor child is the parent or parents. Because, however, the wrongful death statute explicitly provides for parents, children, and spouse and then separately includes "other next of kin," next of kin means the nearest surviving relatives after accounting for the parents, children, or spouse. Ohio cases allowing recovery to relatives with differing degrees of relationships within the same case, such as grandparents and parents, thus are consistent with the plain language of the statute. Were we to hold that "next of kin" includes any degree of relationship to the decedent, such as aunts, uncles, or cousins, we would effectively delete the word "next" from the statute, something a court is not permitted to do. Benjamin, supra. Indeed, all of the cases we cite involve the specific individuals listed in the statute and the "next" surviving relatives, which happened to be in the second degree.
 {¶ 15} As a result, Altizer is unpersuasive in contending that because next of kin must prove their damages under the statute, any relative is entitled to bring a wrongful death action, subject to the need to prove damages. Altizer's argument ignores that the word "next" means the next closest relative after accounting for a surviving spouse, children, or parents. The legislature's mandate that next of kin must prove their damages does not imply that any relative may bring an action; it simply recognizes that even next of kin may not be as close to the decedent as a parent, child, or spouse is presumed to be.
 {¶ 16} Altizer nonetheless contends Ponser v. St. Paul Fire MarineIns. Co., 104 Ohio St.3d 621, 2004-Ohio-7105 demonstrates that an aunt is next of kin under the wrongful death statute and entitled to maintain an action. In Ponser, the mother, grandparents, and maternal aunt sought to recover uninsured motorist benefits under their respective policies. The maternal aunt maintained her own insurance policy that provided for payment of "compensatory damages as a result of bodily injury suffered by you or a relative and due by law." Ponser, at ¶ 15. The certified conflict question before the Ohio Supreme Court asked whether an insured must file a wrongful death action against a tortfeasor within the two-year statute of limitations set forth in R.C. 2125.02(D) to be legally entitled to recover benefits under the policy. Id. at ¶ 37.
 {¶ 17} Based on the language in the policies at issue, the court held that the maternal aunt was not required to file a wrongful death action because whether an insured is legally entitled to recover is determined at the time of the accident. Id. Despite the narrow holding in Ponser,
Altizer asserts that because Ponser concluded the maternal aunt was legally entitled to recover under the terms of her insurance policy, a maternal aunt necessarily is included among the persons who are entitled to bring a wrongful death action. Ponser, however, is not dispositive of the issues before us.
 {¶ 18} First, the aunt in Ponser had her own insurance policy that permitted, under the circumstances set forth in the policy, her recovery of compensatory damages for bodily injury to herself or "a relative." If Altizer has or had such an uninsured/underinsured policy, it was not presented to the court and is not at issue. Second, and more pertinent to the present case, the court in Ponser did not address the maternal aunt's status as next of kin for purposes of the wrongful death statute. Instead, the issue was the viability of an uninsured claim pursuant to a contractual insurance policy where the insured had not pursued an action against the tortfeasor.
 {¶ 19} According to the plain, ordinary and clear meaning of the phrase "next of kin," appellant, related in the second degree, is entitled to recover to the exclusion of Altizer, related in the third degree. Appellant is the "next" of kin: the nearest surviving relative to the decedent after accounting for parents, children, or spouse, of which none exist. If the deceased had no surviving relatives of the second degree, Altizer would be the "next" of kin. Because she is not, she is not entitled to any of the proceeds of the settlement at issue. Appellant's single assignment of error is sustained.
 {¶ 20} Having sustained appellant's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Probate Division, and remand for proceedings consistent with this opinion.
Judgment reversed and case remanded.
Petree and McGrath, JJ., concur.