[Cite as *In re Estate of Harrison*, 2012-Ohio-2169.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: ESTATE OF JORENE HARRISON

C.A. No.      25812

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      2006 ES 849

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

MOORE, Presiding Judge.

{¶1} Sheron Harrison, Carolyn Harrison, Donald Harrison, and Jewerl Kemp ("Appellants") appeal from the judgment of the Summit County Court of Common Pleas, Probate Division. This Court reverses and remands this matter to the probate court for further proceedings consistent with this opinion.

I.

{¶2} Jorene Harrison passed away in 2006 from injuries that she sustained in an automobile accident. Her estate brought wrongful death and survivorship claims against the driver of the vehicle that was transporting Jorene and against the driver's employer. The estate ultimately settled the claims, resulting in a net amount of approximately $370,000 for distribution to Jorene's relatives on the wrongful death claim.

{¶3} In order to distribute the award, the probate court magistrate conducted a hearing to ascertain damages sustained by Jorene's relatives. Thereafter, the magistrate determined that

the wrongful death award should be distributed primarily to Jorene's twin, Corene Miller. The magistrate recommended that the remainder of the award be divided among Jorene's siblings who survived her and among some of Jorene's nieces and nephews. Appellants, who are four of Jorene's siblings who survived her, objected to the magistrate's decision.

{¶4} On January 11, 2011, the probate court overruled Appellants' objections and issued an order consistent with the magistrate's decision. Appellants timely filed an appeal from the probate court's order and present three assignments of error for our review. We have re-ordered the assignments of error for ease of discussion.

II.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANTS' OBJECTIONS TO THE AWARDS TO THE HEIRS OF JORENE'S PREDECEASED SIBLINGS.

{¶5} In their second assignment of error, Appellants argue that the trial court erred in overruling their objections to the distributions from the wrongful death award to Jorene's third degree relatives when second degree relatives survived Jorene. We agree.

{¶6} R.C. 2125.02(A)(1) establishes the beneficiaries of a wrongful death award, providing in part:

Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

Here, the parties dispute the import of the phrase "other next of kin" as used in the statute.

{¶7} Although this Court generally reviews a trial court's decision overruling the objections to a magistrate's decision for an abuse of discretion, we must here determine whether

the trial court correctly interpreted and applied R.C. 2125.02. *See Gunderman v. Gunderman*, 9th Dist. No. 08CA0067-M, 2009-Ohio-3787, ¶ 7. We review a trial court's interpretation of a statute de novo. *Id.*, citing *Porter v. Porter*, 9th Dist. No. 21040, 2002-Ohio-6038, ¶ 5.

{¶8} R.C. 2125.02(A)(1) specifically provides that "the surviving spouse, the children, and the parents of the decedent" and "other next of kin" are the exclusive beneficiaries of a wrongful death award. Here, Jorene's parents predeceased her, and she was unmarried and had no children at the time of her death. She was survived by seven of her fourteen siblings. Therefore, at issue here is whether the phrase "other next of kin" limits beneficiaries of the wrongful death award to only Jorene's surviving siblings.

{¶9} "In its common and ordinary meaning, the phrase 'next of kin' is a person's nearest relative or relatives." *In re Estate of Payne*, 10th Dist. No. 04AP-1176, 2005-Ohio-2391, ¶ 13, citing *Senig v. Nationwide Mut. Ins. Co.*, 76 Ohio App.3d 565, 574 (10th Dist.1992). Thus, the statute allows for recovery for "the exclusive benefit" of the decedent's spouse, parents, children, and other nearest relatives. *See* R.C. 2125.02(A)(1); s*ee also Payne* at ¶ 14 (holding that R.C. 2125.02(A)(1) allows for recovery by the surviving spouse, decedent's first degree relatives and the next degree of decedent's surviving relatives). Pursuant to principles of descent and distribution in Ohio, the degree of kinship is computed as the sum of the degrees that an individual and his or her relative are each removed from a common ancestor. *Russell v. Roberts*, 54 Ohio App. 441, 448 (4th Dist.1936) (law of descent and distribution in Ohio follows the rules of civil law for computation of degrees of kinship). Therefore, an individual's parents and children are first degree relatives. *Payne* at ¶ 9. An individual's grandparents, grandchildren, and siblings are second degree relatives, and an individual's aunts uncles, nieces, nephews, great-grandparents and great-grandchildren are third degree relatives. *Id.* Consequently, based

upon a plain reading of the statute, Appellants contend that Jorene's siblings are "next of kin," as they are the nearest surviving relatives to Jorene, and that they are entitled to recover to the exclusion of the Jorene's nieces and nephews.

{¶10} The Appellee, Corene Miller, in her individual capacity, articulated no response in her merit brief to this assignment of error. In her capacity as administrator, Appellee cites to the Supreme Court's holding in *Ramage v. Central Ohio Emergency Servs., Inc.*, 64 Ohio St.3d 97, 104 (1992) for the proposition that even where individuals of a closer degree of consanguinity survive the decedent, other more distantly related kin may share in the wrongful death award. However, *Ramage* is distinguishable on its facts, as it pertained to the recovery of the decedent's grandparents who were second degree relatives, where the decedent's father, a first degree relative, had survived her. *Id.* The Court interpreted R.C. 2125.02 as allowing recovery of the grandparents, determining that "the General Assembly intended that in addition to the surviving parent, spouse, and minor children, brothers, sisters and other next of kin may also recover for the mental anguish suffered as a result of the death of their loved one." *Id.* at 105. Appellee suggests that we extend this reasoning to allow third degree relatives to share in distribution of the award, regardless as to whether second degree relatives survive the decedent. We decline to do so.

{¶11} In further support of our analysis, in *Payne*, the decedent's aunt, a third degree relative, argued that she, along with the decedent's grandmother, a second degree relative, were "other next of kin." *Payne* at ¶ 4. The *Payne* court acknowledged that the wrongful death statute allows for recovery by the decedent's second degree relatives. *See Payne* at ¶ 8, and *Ramage,* 64 Ohio St.3d at 106. However, this is because the statute provides that the wrongful death award shall be for the exclusive benefit of "the surviving spouse, the children, and the parents of the

decedent,[ ] *and* [ ]other next of kin of the decedent." (Emphasis added.) R.C. 2125.02(A)(1); *Payne* at ¶ 5-14. The *Payne* court thus determined that "other next of kin" refers "the nearest surviving relative[s] to the decedent after accounting for parents, children, or spouse[.]" *Id.* at ¶ 14, 19. We agree, as holding otherwise would effectively read the words "next of" out of the phrase "next of kin." *See Payne*, at ¶ 14.

{¶12} Here, because the closest relatives to Jorene who survived her were seven of her siblings, those siblings are "other next of kin" within the meaning of R.C. 2125.02(A)(1). Therefore, these surviving siblings benefit from the award to the exclusion of more distantly related individuals. *See* R.C. 2125.02(A)(1); *Payne* at ¶ 14.

{¶13} However, the trial court determined that the children of two of Jorene's siblings, Clyde and Barbara, who predeceased Jorene "could be awarded damages from the wrongful death proceeds." To the extent that the trial court determined that these nieces and nephews could receive distribution as representatives of their parents, this was error. The time of the decedent's death fixes the status of beneficiaries to a wrongful death action. R.C. 2125.02(A)(3). Thus, Barbara and Clyde, both of whom predeceased Jorene, were not eligible beneficiaries. As a result, their children cannot recover in their places.

{¶14} Consequently, it was error for the trial court to distribute portions of the wrongful death award to Norma Ruth Townsend, Clyde Anthony Harrison, Randy Harrison, Paula Hogeda, Tony Clay, Teresa Harrison, Kevin Tennon, and Antuan Harrison, all related to Jorene in the third degree, when Jorene's second degree relatives survived her. Appellants' first assignment of error is sustained, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANTS' OBJECTIONS TO THE AWARDS TO THE ESTATES AND AN HEIR OF JORENE'S SIBLINGS WHO DIED BEFORE DISTRIBUTION.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APELLANTS' OBJECTION TO THE AWARD TO [CORENE].

{¶15}  In their third assignment of error, Appellants argue that the trial court erred in its distributions of portions of the award to the estates of Jorene's brothers Alfred and James, who survived her but died prior to the distribution of the wrongful death award.  In this assignment of error, Appellants further argue that the trial court erred in awarding $5,000 to Antuan Harrison, a nephew of Jorene.  In their first assignment of error, Appellants argue that the trial court erred in awarding significantly more to Corene Miller than it awarded to Jorene's other siblings.  We have combined these assignments of error, and we will address these arguments out of order to facilitate our discussion.

Distribution to Antuan Harrison

{¶16}  To the extent that Appellants' third assignment of error challenges the distribution to Antuan Harrison, we agree.  The trial court ordered that $5,000 be distributed to Antuan, who is Jorene's nephew.  As set forth in our discussion of Appellant's second assignment of error above, third degree relatives are not beneficiaries of a wrongful death award under R.C. 2125.02 when second degree relatives have survived the decedent.  Therefore, Antuan Harrison, as a third degree relative to Jorene, is precluded from benefitting from the wrongful death proceeds because second degree relatives of Jorene survived her.  Thus, the trial court erred in ordering a distribution of the wrongful death award to Antuan Harrison.

Estates of Alfred and James Harrison as Beneficiaries

{¶17}   Alfred and James Harrison, brothers of Jorene, survived Jorene but passed away prior to the hearing on distribution of the wrongful death award.   However, the time of the decedent's death fixes the status of beneficiaries to a wrongful death action.  R.C. 2125.02(A)(3).  As Alfred and James were living siblings of Jorene at the time of her death, and they are "other next of kin" under R.C. 2125.02(A)(1), Alfred and James are beneficiaries of the wrongful death award.

Amounts Distributed to Alfred Harrison, James Harrison and Corene Miller

{¶18}   Damages recovered from a wrongful death action are distributable pursuant to R.C. 2125.03.  This statute provides,

> The court that appointed the personal representative, except when all of the beneficiaries are on an equal degree of consanguinity to the deceased person, shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.  If all of the beneficiaries are on an equal degree of consanguinity to the deceased person, the beneficiaries may adjust the share of each beneficiary among themselves.  If the beneficiaries do not adjust their shares among themselves, the court shall adjust the share of each beneficiary in the same manner as the court adjusts the shares of the beneficiaries who are not on an equal degree of consanguinity to the deceased person.

{¶19}   Here, as we determined above that the beneficiaries of the award under R.C. 2125.02 are the seven surviving siblings of Jorene, all beneficiaries are on an equal degree of consanguinity.  Thus, as the siblings did not adjust their shares of the award among themselves, the probate court was required to "adjust the share of each beneficiary in a manner that is equitable[.]"  R.C. 2125.03.  However, our disposition of Appellants' second assignment of error removes relatives from the class of beneficiaries and thus changes the amount of funds to be distributed, requiring this matter to be remanded for redistribution of those portions of the award as noted above.  Accordingly, Appellants' arguments as to the amounts awarded to the estates of

James and Alfred Harrison and as to the amount awarded to Corene Miller, are not yet ripe for review.

### III.

Appellants' second assignment of error is sustained. Appellants' third assignment of error is sustained to the extent it challenges the award to Antuan Harrison. This matter is remanded to the trial court for further proceedings consistent with this opinion. In light of our remand, we decline to address Appellants' third assignment of error to the extent that it challenges the amounts of the award distributed to the estates of Alfred and James Harrison, and we decline to address Appellants' first assignment of error, as these matters are not yet ripe for review.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

MARGARET M. MURRAY and PATRICK G. O'CONNOR, Attorneys at Law, for Appellant.

ROBERT C. MEEKER, Attorney at Law, for Appellee.