OPINION
{¶ 1} On August 25, 2003, an accident occurred between a pickup truck and a motorcycle operated by Kurt Dieble. Mr. Dieble died as a result of his injuries.
 {¶ 2} At the time of the accident, Mr. Dieble was employed by Canton Cycle Specialties, Inc., and was test driving the motorcycle after having performed repairs on it. Canton Cycle was insured under a garage liability policy issued by appellant, Auto Owners Insurance Company.
 {¶ 3} On March 24, 2004, appellee, Katherine Dieble, as Administratrix of the Estate of Kurt Dieble, filed a complaint seeking underinsured motorists benefits from Auto Owners.
 {¶ 4} Appellee filed a motion for partial summary judgment on September 14, 2004, seeking a determination as to coverage under the policy, and a determination that the collision was the proximate cause of Mr. Dieble's death. By judgment entry filed October 6, 2004, the trial court granted the motion as to both coverage and proximate cause.
 {¶ 5} Auto Owners filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred as a matter of law in granting appellee's motion for partial summary judgment and finding that there was insurance coverage available to appellee."
 I {¶ 7} Auto Owners claims the trial court erred in granting partial summary judgment to appellee. Specifically, Auto Owners claims the trial court erred in determining Mr. Dieble qualified as an insured under the policy.
 {¶ 8} The Auto Owners policy provides for uninsured/underinsured motorist coverage as follows in pertinent part:
 {¶ 9} "1. Damages for bodily injury caused by uninsured automobiles.
 {¶ 10} "To pay all sums which the insured or his or her legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, hereinafter called `bodily injury', sustained by the insured, and arising out of the ownership, maintenance or use of such uninsured automobile, provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Company." See, Ohio Underinsured Motorist Endorsement No. 79347, attached to March 24, 2004 Complaint as Exhibit 1.
 {¶ 11} The named "insured" on the policy is listed as "Canton Cycle Specialties, Inc." Auto Owners argues Mr. Dieble was not covered by the specific provisions of the insurance policy as he was not an "insured":
 {¶ 12} "2. DEFINITIONS.
 {¶ 13} "a. Insured. The unqualified word `insured' means:
 {¶ 14} "(1) the first named insured as stated in the policy if an individual and not a corporation, firm or partnership, and while residents of the same household, the spouse of any such first named insured and, if not owning any automobile, the relatives of either;
 {¶ 15} "(2) any person while occupying an insured automobile; and
 {¶ 16} "(3) any person, with respect to damages he or she is entitled to recover for care or loss of services because of bodily injury to a person described in 2.a.(1) or 2.a.(2) above.
 {¶ 17} "b. Insured Automobile. The term `insured automobile' means a motor vehicle to which the Bodily Injury Liability Coverage of the policy applies, provided such motor vehicle is:
 {¶ 18} "(1) a motor vehicle which is owned by the insured named in the Declarations of the policy, and, if the named insured is an individual, a motor vehicle owned jointly by the named insured and spouse;
 {¶ 19} "(2) a motor vehicle while temporarily used as a substitute for an insured automobile as described in subparagraph b.(1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or
 {¶ 20} "(3) a motor vehicle while being operated by the named insured, or by his spouse if a resident of the same household." See, Ohio Underinsured Motorist Endorsement No. 79347, attached to March 24, 2004 Complaint as Exhibit 1.
 {¶ 21} Auto Owners argues Mr. Dieble was not the "first named insured" of the policy, and he was not operating an "insured automobile" at the time of the accident. We note this argument was not made to the trial court in Auto Owners's October 1, 2004 memorandum in opposition to motion for partial summary judgment. The trial court's decision specifically states Mr. Dieble "qualifies as an insured under said policy," and appellee's motion for partial summary judgment included a discussion of the uninsured/underinsured motorist coverage afforded under the policy.
 {¶ 22} As stated supra, the uninsured/underinsured motorist coverage applies to the "insured" and will pay for "bodily injury * * * sustained by the insured." As observed by the Supreme Court of Ohio inScott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292, and Westfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, a corporation listed as the "insured" cannot operate vehicles nor sustain "bodily injury" therefore, a corporate automobile liability policy may cover employees of the named "insured" if they are injured in the course and scope of their employment.
 {¶ 23} In addition, Mr. Dieble was operating an "insured automobile" as an "insured automobile" is defined as "a motor vehicle while being operated by the named insured."
 {¶ 24} Based upon the Supreme Court of Ohio's decisions in King v.Nationwide Insurance Company (1988), 35 Ohio St.3d 208, Scott-Pontzer andGalatis, we conclude once again only persons (employees of the corporation) occupying or operating a motor vehicle, and not the corporation, are the insureds. Therefore, the uninsured/underinsured motorist coverage sub judice includes Mr. Dieble if he was acting within the course and scope of his employment.
 {¶ 25} Auto Owners argues even if Mr. Dieble is an insured under the policy, he was not acting within the course and scope of his employment at the time of the accident.
 {¶ 26} Alfred Pfouts, IV, owner of Canton Cycle, stated it was common for employees to test drive motorcycles after performing maintenance work on them. Pfouts depo. at 8-9. Mr. Pfouts acknowledged that operation of a motor vehicle while under the influence of drugs would be beyond the scope of employment. Id. at 20-21. Auto Owners claimed Mr. Dieble was under the influence of drugs at the time of the accident and therefore was operating the motorcycle outside the scope of his employment. In support of this argument, Auto Owners attached to its memorandum in opposition to motion for partial summary judgment Mr. Dieble's medical records which indicated the presence of "opiates, cocaine, as well as cannabis" in Mr. Dieble's urine.
 {¶ 27} We note an opinion as to whether the presence of these substances equated to "under the influence" was not offered. We find this argument raises a genuine issue of material fact that cannot be resolved by summary judgment therefore, whether Mr. Dieble was under the influence of drugs at the time of the accident remains an outstanding issue.
 {¶ 28} We therefore sustain the assignment of error on the issue of "under the influence" being outside the course and scope of employment because there remains a genuine issue of material fact. If it is determined that Mr. Dieble acted within the course and scope of his employment, there is coverage under the Auto Owners's policy.
 {¶ 29} As for Auto Owners's last argument, Auto Owners withdrew this argument after conceding the issue has been resolved by the Supreme Court of Ohio's decision in Ponser v. St. Paul Fire and Marine InsuranceCompany, 104 Ohio St.3d 621, 2004-Ohio-7105.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with the opinion.