OPINION
{¶ 1} Appellant, John McGrath (McGrath), appeals an Order from the Lake County Court of Common Pleas which granted summary judgment in favor of the Appellee, Indiana Insurance Company (IIC).
 {¶ 2} McGrath was involved in a motor vehicle accident on November 19, 1993. At that time, McGrath was an employee of Love Insurance Agency (LIA). LIA was insured by IIC pursuant to the terms of a commercial insurance policy. McGrath settled with the tortfeasor without the necessity for litigation.
 {¶ 3} On April 28, 2003, McGrath filed a Complaint against IIC seeking a declaratory judgment that McGrath was entitled to recover uninsured/underinsured motorist benefits from IIC as a result of the 1993 accident and seeking money damages. IIC filed a motion for summary judgment on November 26, 2003.
 {¶ 4} On December 6, 2004, the trial court granted the motion for summary judgment in favor of IIC.
 {¶ 5} McGrath appeals from that grant of summary judgment and asserts the following assignments of error:
 {¶ 6} "[1.] The trial court erred in granting summary judgment in favor of appellee when it ruled that appellants are, since they are no longer legally entitled to recover against the tort-feasor, no longer entitled to pursue a UM/UIM claim against appellee.
 {¶ 7} [2.] The trial court erred in granting summary judgment in favor of appellee when it ruled that "the ten year period of delay occasioned here most likely constituted a breach of a `standard notice provision' requiring an analysis of the resulting prejudice to [Indiana Insurance Company] [sic]."
 {¶ 8} Summary judgment is to be reviewed pursuant to a de novo standard. See, Cleveland Elec. Illum. Co. v. Pub. Util.Comm. (1996), 76 Ohio St.3d 521, 523. In order to succeed on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact. See, Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. In addition, Civ.R. 56 requires that to be successful on a summary judgment motion, a moving party must also be entitled to judgment as a matter of law. See, Bonacorsi v. Wheeling Lake Erie Ry. Co. (2002),95 Ohio St. 3d 314, 320.
 {¶ 9} The trial court determined that IIC was entitled to judgment as a matter of law in the instant action because it interpreted a compliance with the statute of limitations for torts as an intrinsic requirement to prevail on a UM/UIM claim. The trial court also referenced two genuine issues of material fact which may have precluded summary judgment had the SOL issue not been dispositive.
 {¶ 10} McGrath asserts in his first assignment of error that the trial court erred in finding that the inability of McGrath to pursue the tortfeasor, after the expiration of the statute of limitations, corresponded with a prohibition on McGrath's ability to pursue IIC on a UM/UIM claim. McGrath's first assignment of error is well taken.
 {¶ 11} The Ohio Supreme Court certified this very issue and rendered its decision days after the trial court granted the summary judgment motion in favor of IIC. Ponser v. St. Paul Fire Marine Ins. Co., 104 Ohio St.3d 621, 2004-Ohio-7105. InPonser, the Court held that a failure to timely file suit against the tortfeasor within the statute of limitations is not a complete bar to a presentment of a UM/UIM claim. The Court advised that the contract language itself must control as to the prerequisites for presenting a UM/UIM claim in a timely fashion. "To determine whether an insured must file a wrongful-death action within the statute of limitations in order to meet the contract requirement of being legally entitled to recover, we need look only to the contracts." Id. at ¶ 48.
 {¶ 12} In the instant case, the insurance policy produced as evidence is not legible. IIC would have this Court infer that we must find McGrath's claims barred in light of the unavailability of a clear and legible copy of the insurance policy taken in conjunction with the fact that the declaratory action was not filed within the statute of limitations for torts. However, the trial court itself recognized that "IIC has not shown that the illegible parts of this policy cannot be recreated by examining standardized terms, clauses and/or endorsements from like policies retained by either IIC or LIA and used by IIC during the period in question. . . ." The court went on to acknowledge, "the record is silent as to whether any form of enhancement technology could render legible the otherwise illegible parts of this policy." We agree with the trial court on this issue. Whether the insurance policy can be enhanced or interpreted in some other manner remains to be seen and must be determined in compliance with Ponser.
 {¶ 13} McGrath also alleged in his second assignment of error that the trial court erred by finding that the ten-year delay most likely resulted in prejudice to IIC. We are not convinced that the trial court actually ruled on this issue. The trial court stated "the court is unable to address at this time IIC's claim that McGrath violated the timely notice provision of the policy. . . ." Although the trial court then proceeded to analyze that issue, it is clear from the initial language that the court was not actually ruling on that issue. The language was merely advisory dicta. Therefore, as the trial court failed to rule on the issue regarding the notice provision, we are restrained from deciding the presence of error or lack of error. McGrath's second assignment of error is not ripe for review.
 {¶ 14} Likewise, IIC's cross-assignments of error are not ripe for review. IIC asserted two cross-assignments of error. They first argued that the trial court erred in finding that coverage was not precluded solely on the basis of McGrath's failure to point to a specific coverage clause in the illegible policy. A thorough reading of the trial court judgment entry reveals that the discussion surrounding the notice provision is merely a hypothetical analysis with no bearing on outcome since the court was already inclined to rule and in fact did rule that McGrath was barred from bringing his claim as a matter of law. There was no definitive ruling on the issue of the notice provision and even if one interprets the trial court decision as rendering a tangible opinion on that issue, it became advisory upon the court's ruling that McGrath did not meet the standards to even assert the claim. IIC's first cross-assignment of error is not ripe for review.
 {¶ 15} Likewise, IIC's second cross-assignment of error is not ripe for review as it is inconsistent with the trial court's decision. Although the trial court did find that whether McGrath was acting within the scope of his employment was an issue of material fact, that opinion did not form the basis for the decision rendered by the trial court nor does it support the ultimate outcome of the trial court. As such, this cross-assignment of error is not ripe for review.
 {¶ 16} Therefore, it is the opinion of this Court that the judgment of the Lake County Court of Common Pleas must be reversed and remanded for further review for instructions consistent with this Court in light of Ponser.
Colleen M. O'Toole, J., concurs.
Diane V. Grendell, J., dissents with a Dissenting Opinion.