In re ESTATE OF KEYTACK.

2008-Ohio-3831.]

Court of Common Pleas of Ohio,
Probate Division, Trumbull County.

No. 2003 EST 0756.

Decided April 11, 2008.

Michael A. Scala, for John S. Keytack.

Irene K. Makridis, for Julie Keytack.

George N. Kafantaris, for JoAnn Mendoza and Gina Wargo.

James A. Fredericka, guardian ad litem.

THOMAS A. SWIFT, Judge.

{¶ 1} The estate of John Michael Keytack, deceased, was filed after the minor, ten years of age, drowned in a storm drain in Warren, Ohio. He was survived by his parents, John S. Keytack and Lory Keytack, a.k.a. Lauretta Keytack, two minor siblings, Julie Keytack and Joseph Keytack, and two adult half-siblings, JoAnn Mendoza and Gina Wargo. The court appointed John S. Keytack as administrator of the estate, and he filed a wrongful-death action against the city of Warren. On the day of trial, a proposed settlement was reached, and an application to approve the wrongful-death settlement was filed with the court.

{¶ 2} On December 21, 2007, the court held a hearing on the application to approve the wrongful-death settlement. Appearing were Michael A. Scala on behalf of the administrator, Mr. Keytack; James A. Fredericka, as guardian ad litem; Irene K. Makridis on behalf of Mrs. Keytack; and George N. Kafantaris on behalf of JoAnn Mendoza and Gina Wargo.

{¶ 3} Upon the agreement of the parties, the court approved the wrongful-death settlement and ordered distribution as follows:

| | |
|---|---|
| - Gross Wrongful-Death Settlement: | $500,000.00 |
|    - Authorized Attorney Fees: | |
|      Michael A. Scala | $166,666.00 |
|      James A. Fredericka | |
|      Guardian ad Litem | $ 750.00 |
|    - Authorized Case Expenses | $ 4,385.50 |
|    - Authorized Payment of | |
|      Fiduciary Services | $ 2,000.00 |
| | |
| - Net Settlement Proceeds Payable to: | $326,198.50 |
|    - Lory Keytack aka Lauretta | |
|      Keytack, mother | $ 81,549.63 |
|    - John Keytack, father | $ 81,549.63 |
|    - Julie Keytack, minor sibling | $ 52,191.76 |
|    - Joseph Keytack, minor sibling | $ 52,191.76 |
|    - JoAnn Mendoza, adult sibling | $ 29,357.86 |
|    - Gina Wargo, adult sibling | $ 29,357.86 |

{¶ 4} The court finds that at no time during the hearing did either attorney Makridis or attorney Kafantaris make a claim against the gross settlement proceeds for attorney fees. However, on January 22, 2008, attorney Makridis filed a motion based upon a contingent-fee contract requesting attorney fees in the amount of $8,154.96, and on February 12, 2008, attorney Kafantaris filed a

motion requesting attorney fees in the amount of $5,871.57 based upon an identical contingent-fee contract. Thereafter, the court scheduled the motions for an evidentiary hearing on March 19, 2008.

{¶ 5} At the evidentiary hearing, attorney James A. Fredericka, guardian ad litem, attorney Makridis, and attorney Kafantaris appeared. Mrs. Keytack, JoAnn Mendoza, and Gina Wargo also attended the hearing. Attorney Kafantaris made an oral motion to dismiss for lack of jurisdiction. From the evidence presented, the court finds that on December 14, 2007, one week prior to the hearing on the application to approve the wrongful-death settlement and distribution, attorney Makridis entered into a contingent-fee contract, without seeking court approval, that provided for the payment of an attorney fee of ten percent of the gross amount of the wrongful-death settlement distributed to Mrs. Keytack, mother of the decedent. On the same date, attorney Kafantaris entered into an identical contingent-fee contract with JoAnn Mendoza and Gina Wargo, adult half-siblings of the decedent, without seeking court approval. attorney Kafantaris and attorney Makridis are brother and sister. Mrs. Keytack has limited command of the English language.

{¶ 6} The only testimony offered at the hearing was from attorney Scala, and the court finds that the trial preparation and procurement of the gross settlement award was the work product of attorney Scala. No evidence was presented that attorney Kafantaris and attorney Makridis performed services or assumed responsibility in the prosecution and procurement of the gross settlement of the wrongful-death action. They agree that their representation was limited to the sole issue of how the net proceeds were to be distributed to the beneficiaries. However, the court finds that no evidence was presented that there was a dispute between the parties as to the distribution of the net proceeds or of negotiations between the parties regarding the distribution. From the testimony of attorney Scala, the court further finds that the services rendered by attorney Makridis were limited to attending the hearing on the application to approve the wrongful-death settlement and distribution, making her client available to assist attorney Scala in his prosecution of the wrongful-death claim, providing photographs of the decedent to attorney Scala, attending depositions conducted by attorney Scala, and discussing the proposed distribution percentages. The court further finds that the services rendered by attorney Kafantaris were limited to attending the hearing on the application to approve the wrongful-death settlement and distribution and discussions with attorney Scala regarding the proposed distribution percentages to the beneficiaries.

{¶ 7} The court finds that attorney Makridis and attorney Kafantaris submitted no evidence for the basis of their charges other than their request for ten percent of the net proceeds distributed to the wrongful-death beneficiaries. They

merely argue that notwithstanding Sup.R. 70(C), the court lacks jurisdiction to review the attorney fees in the distribution of the wrongful-death proceeds.

{¶ 8} The prosecution and settlement of an action for wrongful death are governed by R.C. Chapter 2125. The court that appointed the personal representative of the estate shall adjust the shares of the beneficiaries in an equitable manner. R.C. 2125.03. The parents of the decedent are rebuttably presumed to have suffered damages. R.C. 2125.02(A)(1). Upon proof of damages, the siblings of the decedent may recover damages. *Shoemaker v. Crawford* (1991), 78 Ohio App.3d 53, 603 N.E.2d 1114; *Estate of Payne,* Franklin App. No. 04–AP–1176, 2005-Ohio-2391, 2005 WL 1155891.

{¶ 9} An application to approve the settlement and distribution of a wrongful-death claim shall state "what arrangements, if any, have been made with respect to counsel fees." Sup.R. 70(C). "Counsel fees shall be subject to approval by the court." Sup.R. 70(C). "[T]he court shall retain jurisdiction over the settlement, allocation, and distribution of the claims." Sup.R. 70(B). Attorney fees in all matters are governed by Prof.Cond.R. 1.5, which states as follows:

(a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

{¶ 10} The court finds that attorney Makridis and attorney Kafantaris failed to submit sufficient evidence of the factors enumerated in Prof.Cond.R. 1.5 in the determination of a reasonable fee for the services performed. The court further finds that the claimed fee is clearly excessive in the absence of proof of any legal services.

{¶ 11} Therefore, it is ordered that the oral motion to dismiss for lack of jurisdiction is denied. It is further ordered that the motions for attorney fees are unsupported by evidence and are hereby denied.

So ordered.