[Cite as *Roddy v. Williamson*, 2016-Ohio-8437.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Carl Roddy, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-195 |
| v. | : | (C.P.C. No. 13CV-326) |
| Angel Williamson et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 27, 2016

**On brief:** *Plymale & Dingus, L.L.C.*, and *Ronald E. Plymale*, for appellant. **Argued:** *Ronald E. Plymale*.

**On brief:** *Law Office of David R. Kostreva, II*, and *David R. Kostreva, II*, for appellee Safe Auto Insurance Company. **Argued:** *David R. Kostreva, II*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Plaintiff-appellant, Carl Roddy, appeals from a judgment of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings filed by defendant-appellee Safe Auto Insurance Company ("Safe Auto"). Because we conclude the trial court erred by finding there were no genuine issues of material fact and Safe Auto was entitled to judgment as a matter of law, we reverse.

I. Facts and Procedural History

{¶ 2} Roddy was involved in an automobile collision with defendant Angel Williamson in October 2012. On January 9, 2013, Roddy filed a complaint against Williamson, alleging that she failed to yield the right-of-way, causing the collision. The complaint also included claims against Roddy's insurance company, Safe Auto, seeking

payment under the uninsured motorist and collision coverage in his automobile insurance policy. Although the complaint asserted that a copy of Roddy's insurance policy was attached, it was not contained in the trial court record. Safe Auto filed an answer to the complaint, which also contained a cross-claim against Williamson and a counterclaim against Roddy. On April 4, 2013, counsel for Williamson filed a suggestion of bankruptcy, asserting that Williamson had filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio, and that, as a result, Roddy's claims were stayed by operation of federal law.

{¶ 3} On February 17, 2014, Roddy filed a notice of partial dismissal without prejudice under Civ.R. 41(A), dismissing his claims against Williamson, and a motion to reinstate the case to the court's active docket. Safe Auto filed a motion in opposition arguing that resolution and exhaustion of the limits of Williamson's insurance coverage, if any, or personal assets were a prerequisite to uninsured or underinsured motorist ("UM/UIM") coverage under Roddy's insurance policy. The trial court denied the motion to restore the case to the active docket. Subsequently, on August 21, 2015, Roddy filed a second motion to reinstate the case to the court's active docket. Safe Auto again filed a motion in opposition reiterating its argument that resolution and exhaustion of the limits of Williamson's insurance coverage, if any, or personal assets were a prerequisite to UM/UIM coverage under Roddy's insurance policy. Safe Auto also argued that because more than one year had passed since the voluntary dismissal and Roddy had not refiled his claims against Williamson, he was barred from filing those claims. Safe Auto further argued that Roddy's UM/UIM claims were barred for failure to pursue his claims against Williamson. The trial court granted the motion to restore the case to the active docket and ordered the bankruptcy stay lifted. The court noted that the question of whether the case could be maintained without Williamson as a party was an issue to be addressed by Safe Auto through a motion for judgment on the pleadings or a motion for summary judgment.

{¶ 4} Safe Auto then filed a motion for judgment on the pleadings and motion to dismiss, asserting that Williamson was insured at the time of the accident and that exhaustion of her insurance limits was a condition precedent to UM/UIM coverage under Roddy's insurance policy. Safe Auto further argued that because more than one year had

passed since the voluntary dismissal of Williamson, Roddy could not refile his claims against her. Safe Auto claimed it was entitled to judgment as a matter of law because Roddy could not satisfy the condition precedent. Roddy filed a memorandum in opposition, arguing that there was a question of fact as to whether Williamson was insured and that Safe Auto had not suffered prejudice as a result of Williamson being dismissed from the case. The trial court granted Safe Auto's motion for judgment on the pleadings concluding that Roddy failed to state a claim upon which relief could be granted against Safe Auto.

## II. Assignment of Error

{¶ 5} Appellant appeals and assigns the following single assignment of error for our review:

> The Trial Court Erred in Granting Appellees' Motion for Judgment on the Pleadings.

## III. Discussion

{¶ 6} Under Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings have closed, but within such time as to not delay trial. "A motion for judgment on the pleadings presents only questions of law and may only be granted when no material issues of fact exist and the moving party is entitled to judgment as a matter of law." *Mousa v. Mount Carmel Health Sys., Inc.*, 10th Dist. No. 12AP-737, 2013-Ohio-2661, ¶ 10. In construing a motion for judgment on the pleadings under Civ.R. 12(C), the pleadings and any reasonable inferences to be drawn therefrom are to be liberally construed in favor of the non-moving party. *Id.* "Appellate review of motions for judgment on the pleadings is de novo." *Id.*

{¶ 7} Safe Auto argued in support of its motion for judgment on the pleadings that resolution and exhaustion of Williamson's insurance policy or personal assets was a prerequisite to Roddy seeking UM/UIM coverage under his insurance policy. Safe Auto further argued that because Roddy failed to refile against Williamson within one year of the voluntary dismissal, his claims against her were barred and she could not be re-joined as a party to the case. The trial court found these arguments to be persuasive and concluded that Roddy's claims against Williamson and Safe Auto were barred. Therefore, the court held that Roddy failed to state a claim upon which relief could be granted.

{¶ 8} Roddy argues on appeal that the trial court erred by granting judgment in favor of Safe Auto because there was a question of fact with respect to whether Williamson was insured. Judgment on the pleadings may only be granted when no material issues of fact exist. *Id.* Roddy asserts that the question of whether Williamson was insured could not be resolved without looking outside the pleadings and outside the record. In the complaint, Roddy asserted on belief that Williamson was uninsured at the time of the collision. Safe Auto denied this allegation in its answer, and later claimed in its motion for judgment on the pleadings that Williamson was insured, citing an accident report. However, this accident report was not attached to the motion nor made part of the record. There were no other documents in the record conclusively establishing whether Williamson was insured. As explained herein, this question was potentially material to the issue of whether Safe Auto's right to subrogation was prejudiced by Roddy's failure to timely refile his claims against Williamson. Accordingly, we conclude there was a genuine issue of material fact as to whether Williamson was insured.

{¶ 9} Roddy further asserts the trial court erred by concluding as a matter of law that he failed to satisfy a condition precedent to UM/UIM coverage under his policy with Safe Auto by failing to exhaust the limits of Williamson's insurance coverage or personal assets. Roddy claims Safe Auto did not introduce the insurance policy or any other evidence to establish that pursuing a claim against Williamson was a condition precedent to UM/UIM coverage.

{¶ 10} Safe Auto asserts it is undisputed that Roddy's insurance policy conformed to the requirements of the Ohio Revised Code, and that the relevant statutory provisions mandate the inclusion of terms and conditions in an insurance policy creating conditions precedent to a UM/UIM claim. Safe Auto specifically cites R.C. 3937.18(D), which provides that "[w]ith respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle." Safe Auto asserts that because Roddy failed to timely refile his claims against Williamson, he cannot prove all elements of his claims against Williamson and, therefore, is not entitled to UM/UIM coverage as a matter of law. However, other courts

considering UM/UIM coverage have concluded that timeliness is not an element of an underlying claim against an allegedly uninsured or underinsured motorist. *See Fish v. Ohio Cas. Ins. Co.*, 5th Dist. No. 2003CA00030, 2003-Ohio-4380, ¶ 25-26 ("The statute of limitations is not an element of a negligence case. * * * The failure to preserve the statute of limitations, in a negligence case, does not preclude a claim against the insurance company because failure to do so falls under the issue of subrogation."); *Karafa v. Toni*, 8th Dist. No. 80664, 2003-Ohio-155, ¶ 19 ("The elements of an injured party's claims are determined by common law: that is, a duty, a breach of that duty which is the proximate cause of an injury, and damages. The statute of limitations is a statutory creation designed to limit the exercise of the right to pursue recovery for the damages resulting from the tortfeasor's actions. It is not an element of that claim, but rather, a defense to it."). The trial court does not appear to have considered whether the failure to timely refile prevented Roddy from proving "all elements" of his claim against Williamson pursuant to R.C. 3937.18(D).

{¶ 11} Safe Auto also argues that by allowing the time to pursue his own claims against Williamson to lapse, Roddy obviated Safe Auto's right to subrogation against Williamson and thereby forfeited his UM/UIM coverage. R.C. 3937.18(J) provides for subrogation by insurers, stating that "[i]n the event of payment to any person under the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages, and subject to the terms and conditions of that coverage, the insurer making such payment is entitled, to the extent of the payment, to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of that person against any person or organization legally responsible for the bodily injury or death for which the payment is made, including any amount recoverable from an insurer that is or becomes the subject of insolvency proceedings." *See also Bogan v. Progressive Cas. Ins. Co.*, 36 Ohio St.3d 22, 29 (1988), *overruled in part on other grounds*, *Fulmer v. Insura Property & Cas. Co.*, 94 Ohio St.3d 85 (2002), paragraph one of the syllabus; *Ferrando v. Auto-Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, paragraph two of the syllabus (explaining that this statutory provision specifically granted the right of subrogation to providers of UM/UIM coverage). Safe Auto asserts that the Supreme Court of Ohio has held that UM/UIM coverage may be forfeited where

an insured breached the terms and conditions of an insurance policy related to the insurer's right of subrogation and the insurer was prejudiced, citing *Ferrando.*

{¶ 12} In *Ferrando,* the court held that "when an insurer's denial of UIM coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary." *Id.* at ¶ 88. As this court explained in *Triplett v. Nationwide Mut. Fire Ins. Co.,* 10th Dist. No. 02AP-869, 2003-Ohio-4502, the *Ferrando* decision created a two-step framework for determining whether an insured's alleged breach of a subrogation provision in a UM/UIM policy precludes the insured from recovering benefits:

> A court must first determine whether the insured actually breached the subrogation provision. If the subrogation provision was not breached, the inquiry ends and UM/UIM coverage must be provided. If, however, the subrogation provision was breached, the court must determine whether the insurer was prejudiced as a result of the breach. Prejudice is presumed, unless the insured presents some evidence to rebut that presumption.

(Citations omitted.) *Triplett* at ¶ 15.

{¶ 13} Implicit within the *Ferrando* analysis is that the court must examine any allegedly breached provision that affects the insurer's subrogation rights. *See Ferrando* at ¶ 45 ("The primary reason that consent-to-settle clauses are included in UIM policies is to protect the insurer's subrogation rights. Many UIM insurance policies contain other, or additional, clauses that also have the primary purpose of furthering the insurer's subrogation rights. Courts generally are consistent in applying the same approach in evaluating the effects of breaches of any of the subrogation-related clauses."). In the present case, Roddy's insurance policy was not part of the record; therefore, neither the trial court nor this court could determine what, if any, subrogation-related provisions existed in that policy and whether Roddy breached those provisions. As noted above, there was also a question of fact with respect to whether Williamson was insured, which could affect the extent to which Safe Auto was prejudiced by any failure to protect its subrogation rights.

{¶ 14}  Based on our review of the pleadings and the record that was before the trial court, we conclude there was a genuine issue of material fact as to whether Williamson was insured at the time of the collision that gave rise to Roddy's UM/UIM claims.  Moreover, Safe Auto failed to establish that it was entitled to judgment as a matter of law because Roddy failed to satisfy a condition precedent to UM/UIM coverage under his insurance policy or because he prejudiced Safe Auto's right to subrogation by breaching a subrogation-related clause in that policy.  Safe Auto's failure to establish the same is in part due to the absence of an insurance policy between appellant and Safe Auto in the record.  Appellant's assignment of error is sustained.

## IV.  Conclusion

{¶ 15} For the foregoing reasons, appellant's single assignment of error is sustained, and we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and*
*cause remanded.*

SADLER and BRUNNER, JJ., concur.